■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS V. WINCH, Appellant.—Appeal from a judgment of the County Court of Saratoga County, rendered March 25, 1974, upon a verdict convicting defendant of the crime of manslaughter in the first degree. The defendant was indicted for murder in violation of section 125.25 of the Penal Law. It was alleged that he killed his former wife on January 29, 1970 by shooting her with a rifle which he had purchased earlier that day. The defendant interposed the defense of "mental disease or defect" pursuant to section 30.05 of the Penal Law. The jury convicted the defendant of manslaughter in the first degree, which the trial court charged as a lesser included offense, and he was sentenced to an indeterminate term of 5 to 20 years. Defendant's primary contention is that the trial court erred in failing to dismiss the indictment for murder on the ground that the People failed to establish, beyond a reasonable doubt, that he possessed substantial capacity to know or appreciate the nature and consequences of his conduct and that such conduct was wrong. In furtherance of this contention, he cites the long standing mental illness of the defendant. Since 1963, the defendant has had a medical history of mental illness diagnosed as schizophrenia, paranoid type. During

the period from July 6, 1963 to July 7, 1970, he was hospitalized for treatment of his mental illness on several occasions at Albany Medical Center, Hudson River State Hospital, Utica State Hospital and Glens Falls Hospital. On three of those occasions, the defendant was examined and treated by Dr. William L. Holt, and on three occasions he was examined and treated by Dr. Walter A. Osinski. Both of these doctors testified that it was their opinion that the defendant lacked substantial capacity to know the nature of his act and that it was wrong at the time of the shooting. The defendant argues that the testimony of the People's expert, Dr. Xavior Mastrianni, is insufficient to sustain the burden of proving that defendant did not lack the requisite mental capacity. Dr. Mastrianni had never seen the defendant prior to the shooting, did not examine the complete hospital records, and conducted an initial examination of the defendant which only lasted less than half an hour. It was his opinion that at the time of the shooting, defendant did not, as a result of mental disease or mental defect, lack substantial capacity to know or appreciate the nature and consequence of the act of shooting his former wife, and that shooting his wife was wrong. The question of whether Winch, at the time he killed his former wife, lacked substantial capacity to know or appreciate either the nature and consequence of his conduct and that such conduct was wrong was a question of fact for the jury (*People v Wood,* 12 NY2d 69, 77). Nor is a defendant "immunized" from criminal responsibility because he was suffering from some type of mental disorder (*People v Wood,* p 77). In our view, based on the entire record, the jury could reject the testimony of the defense doctors and accept that of the People's psychiatrist. Doctor Mastrianni did not disagree with the basic diagnosis of the defense experts that defendant suffered schizophrenia, paranoid type, and therefore his examination of summaries of hospital records rather than the complete records does not deprive his testimony of a rational basis. The reasons for his conclusions, as set forth in his testimony, are based on an interpretation of defendant's acts on the day of the shooting in light of the known mental illness, and we are able to conclude that his testimony was of sufficient weight to support the verdict. We also reject the defendant's contention that the trial court committed substantial error in marshaling the evidence. The evidence disclosed that the defendant purchased the murder weapon on the morning of the killing at a gun shop. Moran, the manager of the gun shop, testified that he filled out the standard form for purchase of a firearm upon which answers to all questions were inserted except to the question "Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution?" The manager testified that the defendant then signed the form. The trial court, in the course of the charge, stated that the "witness Moran testified that the person gave an answer of 'no' to this question, but Moran neglected to insert the answer". A reading of Moran's testimony reveals that he testified that the defendant did answer all the questions and signed the standard form. It seems evident that the witness meant that Winch had answered the question as to whether he had ever been committed to a mental institution in the negative, but that he, Moran, had failed to insert the answer on the form. Otherwise, he would not have sold the rifle to the defendant. In any event, the trial court carefully cautioned the jury that it was required to take "its own independent recollection as to what a witness testified to", that the "jury should consider that and that alone, and not recollection of the lawyers or the Judge." We thus conclude that no error was committed, but even if so, it was not such

as to require reversal of the conviction. We have examined the defendant's other contentions and find them to be without merit. Judgment affirmed. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.